IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARROYO BALCAZAR,<br><br>        Petitioner,<br><br>    v.<br><br>E. RICOKOL et al.,<br><br>        Respondents. | NO. EDCV 25-1516-JFW (AGR)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE TO FILING A CIVIL RIGHTS ACTION |

For the reasons discussed below, the Court summarily dismisses the Petition for Writ of Habeas Corpus without prejudice to the filing of a civil rights action.

**I.**

**BACKGROUND**

Petitioner is a federal inmate serving a 360-month sentence imposed following a conviction for several methamphetamine-trafficking offenses in the United States District Court for the Northern District of Alabama. The Eleventh Circuit affirmed. *United States v. Balcazar*, 775 Fed. Appx. 657 (11th Cir. 2019). Petitioner is currently incarcerated at FCI Victorville in Victorville, California. (Dkt. No. 1 ("Petition").)

On June 5, 2025, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241.

The Petition does not challenge Petitioner's conviction or sentence. Instead, Petitioner alleges deliberate indifference of prison officials and seeks injunctive and declaratory relief. Specifically, Petitioner asks the court to order the BOP to "immediately evaluate and provide [him] with access to the MAT [aka Medical Assisted Treatment] program." (Dkt. No. 1 at 4.)

## II.
## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts (Rule 4) is applicable to proceedings brought pursuant to section 2241. Rule 1(b) of the Rules Governing Section 2254 Cases. Rule 4 provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

A challenge of the fact or duration of confinement which, if successful, would result in immediate or speedier release falls within the "core" of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-500 (1973); *Pinson v. Carvajal*, 69 F.4th 1059, 1069, 1071 (9th Cir. 2023) (holding action sounds in habeas if success would necessarily demonstrate invalidity of confinement or its duration; federal prisoner's conditions-of-confinement claim may not be brought in habeas under § 2241), *cert. denied*, 144 S. Ct. 1382 (2024).

Petitioner does not challenge his conviction, sentence, or the duration of his confinement. Instead, he challenges the alleged deliberate indifference of the prison medical staff regarding his treatment needs and the screening for the MAT program. Accordingly, Petitioner's claims are not cognizable in federal habeas and must be brought, if at all, as a civil rights action. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (federal prisoner asserting civil rights claims must file *Bivens* action rather than § 2241 petition); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because

challenges to terms and conditions of confinement must be brought, if at all, as civil rights complaint); *see also Pinson*, 69 F.4th at 1073-75 (affirming dismissal of claims based on deliberate indifference to serious medical needs brought in § 2241 petition).

Petitioner may attempt to assert claims challenging conditions of confinement through a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

A federal court has the authority to construe a habeas corpus petition as a civil rights complaint under certain circumstances. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (per curiam); *Pinson*, 69 F.4th at 1075-76 (district court may construe a petition for habeas corpus as a civil rights action after notifying and obtaining informed consent from the prisoner). However, the Court declines to do so here for the following reasons.

First, it is unclear whether the Petition names the correct defendants. The Petition names the Warden and "John Doe" as respondents. Petitioner's allegations vaguely assert that "Warden, Regional Coordinator, and Central Office Administrator[] have consistently failed to provide [Petitioner] with timely and adequate medical care." (Petition at 3.)  Petitioner does not describe any specific conduct of any of these individuals that would demonstrate a violation of a federal constitutional right. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) ("To state a claim for relief under *Bivens*, a plaintiff must allege that a federal officer deprived him of his constitutional rights."); *see also Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (holding that "respondeat superior is inapplicable to *Bivens* actions").

Second, Petitioner failed to specify the capacity in which the named respondent(s) would be sued for purposes of a civil rights claim, which is critical to the issue of sovereign immunity. *See Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) ("By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action.")

Third, the various differences in the procedures undertaken in habeas proceedings and civil rights actions, including the amount of filing fees and the potential restrictions on future filings, further counsel against converting the Petition into a *Bivens* civil rights complaint.  *See, e.g.*, *Nunez v. Pliler*, 2020 WL 5880461, at *2 (C.D. Cal. Oct. 1, 2020) (conversion of habeas corpus petition into a Bivens complaint inappropriate where petition did not name correct prison officials and considering significant difference in procedural requirements between habeas corpus and civil rights actions); *Rockett v. Lepe*, 2020 WL 4003585, at *1-2 (E.D. Cal. July 15, 2020) (same).  The Court therefore will dismiss the habeas action without prejudice to Petitioner's ability to file a separate civil rights action under *Bivens*.

If Petitioner chooses to file a civil rights action, he is advised that he must either (1) pay the filing fee or (2) file a Request to Proceed Without Prepayment of Filing Fees with Declaration in Support ("IFP Request").

If his IFP Request is granted, he will be obligated to pay the filing fee of even if his complaint is unsuccessful.  The Clerk is directed to send to Petitioner a prisoner civil rights complaint with forms, instructions and further information.  In summary, the Court would assess an initial partial filing fee equal to 20% of the average monthly deposits to his prison account for the six months immediately preceding the filing of the action, or 20% of the average monthly balance in his prison account for that same six-month period, whichever is greater.  The Court would order the prison to take that initial partial filing fee out of his prison account and forward the money to the Clerk of Court.  He would owe the balance of the $350 filing fee.  Until the balance is paid in full, he will owe monthly payments as described in the instructions that the Clerk will forward to Petitioner.

The IFP Request requires that Petitioner complete the Prisoner Authorization and have a prison official complete the Certification Section on the Declaration and attach a certified copy of his prison trust account statement for the six months immediately preceding the filing of the complaint.

Petitioner is further advised that, if his IFP Request is granted and his complaint is dismissed as frivolous, malicious, or fails to state a claim upon which relief may be granted, it may count as a "strike" under section 1915(g).  A prisoner may not bring a civil action without prepayment if he or she has, on three or more prior occasions, brought an action in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### III.
### CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Petition for Writ of Habeas Corpus is dismissed without prejudice to Petitioner's ability to file a separate civil rights action.

The Clerk is DIRECTED to send a federal prisoner civil rights packet to Petitioner.

DATED:  July 10, 2025

JOHN F. WALTER
United States District Judge